IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH COBBS | : | CIVIL ACTION |
| v. | : | |
| NORTHAMPTON COUNTY COURTHOUSE, ET AL. | : | NO. 10-5367 |

FILED
DEC -1 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

BARTLE, CH. J.                                     DECEMBER 1, 2010

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights complaint against Northampton County Common Pleas Judge Paula Roscioli and Assistant Public Defender Christopher Shipman. Plaintiff alleges that Judge Roscioli, who presided over his criminal case, rendered an incorrect decision which was vacated on appeal and remanded for further proceedings. Plaintiff further alleges that his defense counsel, Christopher Shipman, Esq., failed to file "motions and appeals in a timely fashion." Plaintiff informs the Court that these events occurred in 2006. He seeks monetary relief.

With his complaint, plaintiff filed a request for leave to proceed in forma pauperis, which is granted. However, the complaint will be dismissed as legally frivolous for the reasons which follow.

**I. DISCUSSION**

    **A. Standard of Review**

Title 28 U.S.C. § 1915(e)(2) provides that "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

1

the court determines that . . . (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### B. Judicial Immunity

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978); Mireles v. Waco, 502 U.S. 9 (1991). As nothing in this complaint suggests that Judge Paula Roscioli acted outside of her judicial capacity with respect to plaintiff's criminal case, Judge Roscioli is entitled to immunity from liability in this civil action, and plaintiff's claim against her must be dismissed.

### C. Defense Attorney

In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993) (listing elements of a § 1983 claim). The Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). This is the case regardless of whether the defense attorney is court appointed or privately retained. Black v. Bayer, 672 F.2d 309 (3d Cir.), cert. denied, 459 U.S. 916 (1982). Since plaintiff's defense attorney, Christopher Shipman, Esq., was not

acting under color of state law when he represented the plaintiff, he may not be sued under § 1983, and plaintiff's claim against him must be dismissed. Plaintiff may be dissatisfied with the representation he received in his criminal case, however, the relief he seeks is not available to him in a civil rights action in this Court.

### D. The Statute of Limitations

The Supreme Court has held that § 1983 claims are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The statute of limitations for personal injury actions in the Commonwealth of Pennsylvania is two years. 42 Pa. C.S.A. § 5524. Unless otherwise tolled, the limitations period on § 1983 claims begins to run when the claimant "knew or had reason to know of the injury that constitutes the basis of th[e] action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (per curiam). Plaintiff claims that the events which gave rise to this lawsuit occurred in 2006. Because plaintiff's complaint was filed in this Court on October 12, 2010, more than two years after the alleged violations of his constitutional rights, this lawsuit is now time-barred and must be dismissed.

Thus, even if plaintiff had presented cognizable claims against Judge Roscioli and Defense Counsel Shipman, which he has failed to do, this complaint would, nevertheless, be dismissed as untimely.

## II. CONCLUSION

28 U.S.C. § 1915(e)(2) authorizes the Court to dismiss "at any time" a civil action brought by a prisoner <u>in forma pauperis</u>. Because the plaintiff in this case has failed to advance any actionable violation of his constitutional rights, dismissal of this complaint is appropriate at this time.

An appropriate order follows.